COFFEY KAYE MYERS & OLLEY
BY:    MITCHELL A. KAYE, ESQUIRE
IDENTIFICATION NO. 19349
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                              Attorneys For:  Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| PETER A. RAMIREZ | : | CIVIL ACTION |
|---|---|---|
| Plaintiff | : | |
| vs. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| Defendant | : | NO. |

## COMPLAINT

1.      The plaintiff herein is Peter A. Ramirez, a citizen and resident of the State of Florida, residing therein at 2686 Lake Jackson Center, Apopka, Florida.

2.      This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.      The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

1

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no

manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about October 5, 2010, at or about 2:00 P.M., and for some time prior thereto plaintiff was employed by defendant, AMTRAK. On that date, and in the performance of his duties, plaintiff was located at the Orlando AMTRAK station, at or near track #2. On the aforementioned date, and at the aforementioned time, plaintiff and two other employees were instructed to transfer a 400 pound wheelchair bound passenger from a bus to train #98. The aforementioned bus was contracted by AMTRAK to bring passengers from Tampa, Florida to Orlando, Florida. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including but not limited to insufficient, inadequate, improper and dangerous tools and equipment, and insufficient personnel, the passenger was placed on a manual wheelchair lift using a sling and the plaintiff was required to lower said lift by using a crank. While performing this unsafe procedure, pursuant to the instructions of his supervisors, plaintiff immediately experienced pain in his back and sustained the serious, painful and permanent personal injuries more particularly hereinafter set forth.

12. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

13. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to his back, right leg, hips, and toes. Plaintiff suffers from lumbosacral strain, spondylosis, gluteal tendinopathy along with muscle spasms and tenderness. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY KAYE MYERS & OLLEY

BY: _____
MITCHELL A. KAYE
Counsel for Plaintiff